IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00609-REB-KLM

CLARK POMEROY,

    Plaintiff(s),

v.

LOGAN COUNTY SOCIAL SERVICES,
FRED CRAWFORD,
JACK MCCLAVEY,
GREG ETL,
GENE MEISNER,
ALAN SAMBER, and
DEBRA I. ZWIRN,

    Defendant(s).
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Dismiss of [sic] All Defendants Except Greg Etl [Docket No. 18; Filed April 30, 2007] ("Motion to Dismiss"). Plaintiff filed a Response on May 29, 2007 [Docket No. 26], and Defendants filed a Reply on June 13, 2007 [Docket No. 27]. Defendant Greg Etl joined the Motion to Dismiss and Reply [Docket No. 28; Filed June 18, 2007, Docket No. 30; Filed June 19, 2007]. The matter has now been fully briefed. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **granted**.

I. Factual Background

Plaintiff, who is proceeding *pro se*, is subject to various state court orders to pay child support to the mother of his daughter. Plaintiff and the mother entered into a child support agreement that was approved by the Logan County District Court. Complaint at 2-3, ¶ 10 [Docket No. 1]. According to Plaintiff, in addition to the support he was required to provide pursuant to the agreement, he often paid for the mother's utilities, provided her loans, afforded her a home to live in, and offered other various forms of assistance. *Id.* The mother also had another child by a different father. *Id.* No financial arrangement had been made with the father of the second child, and the mother relied on social services for his care. *Id.*

Plaintiff claims that despite his court-approved arrangement to pay child support for his daughter, the Logan County Department of Social Services ("Defendant Department") "decided to collect a second amount of support from the Plaintiff." *Id.* at 3, ¶ 10 [Docket No. 1]. According to Plaintiff, the "Support Division" sent Plaintiff a notice that he was in arrears regarding his child support and that his tax refund was subject to seizure. *Id.* The Colorado Department of Revenue thereafter seized Plaintiff's tax refund, however, it did so in error and later repaid Plaintiff in full.[1] *Id.* at 3-4, ¶ 10; Response at 8-9 & Exhibit F [Docket Nos. 18 & 18-7].

Plaintiff claims Defendant Department, and specifically its Director, Defendant Fred Crawford, attempted to hold Plaintiff financially responsible for the mother's second child.

---

[1] Plaintiff acknowledges repayment of his tax refund in his Complaint, and Defendants attached an exhibit to the Motion to Dismiss evidencing this fact. Complaint at 19 [Docket No. 1]; Response at 8-9 & Exhibit F [Docket Nos. 18 & 18-7]. The Court takes judicial notice of this undisputed information which is central to Plaintiff's claim.

Complaint at 4, ¶ 11 [Docket No. 1]. Plaintiff was allegedly told by a representative of Defendant Department that the father of the second child was not an appropriate candidate for child support because of a domestic violence issue. *Id.* According to Plaintiff, Defendant Crawford also sought to unlawfully interfere with the agreement between Plaintiff and the mother and to force Plaintiff to pay child support through the Logan County Department Social Services. *Id.* Because the tax refund was taken from Plaintiff, he claims he was unable to immediately provide for the mother's propane expenses, although he was not required to do so under the agreement. *Id.* at 4, ¶ 12. Plaintiff claims that Defendant Department and Defendant Crawford told the mother to move out of the home being provided by Plaintiff, and that Logan County would provide the first month's rent for a new home for the mother and her children. *Id.* The mother did so, and Plaintiff claims this resulted in a rift between himself and his daughter because of the upheaval caused by the move. *Id.* at 4-5, ¶¶ 12-13. Plaintiff also claims the mother left the home he owns in a state of disrepair such that now it cannot be rented or used as a source of income for Plaintiff to later pay for his daughter's college education. *Id.* Plaintiff alleges that he sought the aid of the Logan County Social Services Commission, but none was provided. *Id.* He attributes his alleged injuries to Defendants' conduct.

After the mother moved from the home Plaintiff was providing, Plaintiff sought to reopen his court-ordered support arrangement to reduce his child support payments. *Id.* at 4-5, ¶ 13. Plaintiff was successful, but claims that Defendant Department "opened a second case for collection and will not close the one that it had opened before." *Id.* at 5, ¶ 13. Without further explanation, Plaintiff claims that the second collection effort has the

3

effect of "mak[ing] one of the accounts always in arrears and also shows more money collected for Incentives they get from the Federal Government." *Id.*

## II. The Complaint and Motion to Dismiss

Plaintiff filed a Complaint on March 28, 2007 alleging four claims for relief against Defendants: (1) "Conspiracy to defraud both the Plaintiff and Federal Government regarding Child Support Performance Incentives," in violation of 42 U.S.C. § 1985, *id.* at 5-6, ¶¶ 14-16; (2) "Violation of Plaintiff's due process rights guaranteed on [sic] the 5th Amendment," *id.* at 6-7, ¶¶ 17-19; (3) "Interference with private agreement which was approved by the Court without due process," *id.* at 7-8, ¶¶ 20-22; and (4) "Selective prosecution," *id.* at 8, ¶¶ 23-25. Defendants are the Logan County Department of Social Services; Logan County Social Services Director Fred Crawford; Logan County Commissioners Jack McClavey, Greg Etl, Gene Meisner, and Debra Zwirn; Logan County Attorney Alan Samber[2]; and 1-25 John and Jane Does.

Defendants, excluding Greg Etl, filed a Motion to Dismiss on April 30, 2007 [Docket No. 18]. They allege that dismissal is appropriate because the Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and because there is either absolute immunity or qualified immunity as to the individual defendants. Motion to Dismiss at 3-4, 9-12 [Docket No. 18]. Defendants also argue that Plaintiff's conspiracy, due process, and selective prosecution claims fail to state a basis for relief pursuant to Fed. R. Civ. P.

---

[2] Although not entirely clear from Plaintiff's Complaint, Plaintiff appears to sue each individual Defendant in his or her official and individual capacities. Defendant Greg Etl no longer serves as a Logan County Commissioner, and Debra Zwirn (his replacement) is substituted as a Defendant for all claims against him in his official capacity. Motion to Dismiss at 2 n.1 [Docket No 18].

4

12(b)(6). *Id.* at 4-9, 12-15. Finally, Defendants argue that Plaintiff's claims against Defendants McClavey, Etl, Meisner, Zwirn, and Samber should be dismissed due to Plaintiff's failure to allege personal participation by these Defendants in the alleged conduct at issue. *Id.* at 11-12. Defendant Etl, who was not initially served, later joined the Motion to Dismiss and corresponding Reply after service was effected on him [Docket No. 28, Filed June 18, 2007; Docket No. 30, Filed June 19, 2007]. As such, each named Defendant moves for dismissal of this action.

Plaintiff responded to the Motion to Dismiss and argued that the lawsuit is not jurisdictionally barred. Response at 6-7 [Docket No. 26]. He provided further description of the substance of his case and argued that his conspiracy, due process, and selective prosecution claims sufficiently state claims for relief. *Id.* at 7-13, 17-18. Finally, he challenged Defendant's assertion that the individual Defendants are entitled to immunity. *Id.* at 13-16.

III. Analysis

A. Standards of Review[3]

---

[3] In support of the Motion to Dismiss, Defendants attached several exhibits which are referenced in Plaintiff's Complaint, are central to his claims, and are otherwise not disputed by Plaintiff. In addition, many of the exhibits are a matter of public record. Generally, when matters outside the pleadings are presented, the motion must be converted to one for summary judgment and reviewed under that standard. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007). "However, notwithstanding the usual rule . . ., 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* at 1215 (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). In addition, to the extent the materials are not central to the case, if the dismissal can be justified for reasons not concerning the outside materials, the failure to convert a motion to dismiss to one for summary judgment is not reversible error. *GFF Corp. v. Associated Wholesale Grocers*, 130

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may take two forms: a facial attack or a factual attack on the Complaint. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995). When reviewing a factual attack on a complaint pursuant to Rule 12(b)(1), and when the challenge is supported by affidavits and other documents, the Courts makes its own factual findings. *Id.* at 1003.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the well-pled factual allegations and draws all reasonable inferences in favor of Plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). The Court considers whether the Complaint contains allegations that support a plausible legal claim for relief. *Alvarado*, 493 F.3d at 1215 n.2; *see also Bell Atl. Corp. v.Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007) (holding that a complaint must contain "only enough facts to state a claim to relief that is plausible on its face").

Finally, Plaintiff is proceeding *pro se*. As such, the Court construes the Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the nonmoving party's advocate and must nevertheless dismiss a complaint that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

B.    Recommendation

    1.    Jurisdiction

As to subject matter jurisdiction, Defendants argue that Plaintiff's case is an attempt

---

F.3d 1381, 1384 (10th Cir. 1997).

to have this Court pass judgment on state court child support awards. Motion to Dismiss at 3-4 [Docket No 18]. Defendants also argue that the subject of Plaintiff's claims, namely domestic issues, is outside the jurisdiction of the federal courts. *See Ankenbrandt v. Richards*, 504 U.S. 689, 692-704 (1992); *Vaughan v. Smithson*, 883 F.2d 63, 64-66 (10th Cir. 1989). While the Court does not take issue with the legal precedent upon which Defendants rely, the Court disagrees that the present case can be described as one solely involving domestic issues and the viability of state court child support decrees. Plaintiff asserts both federal statutory and constitutional injuries in relation to the alleged conduct of Defendants such that the Court's jurisdiction is not negated. *See, e.g.*, *Briggman v. Commonwealth of Virginia, Dep't of Social Servs.*, 526 F. Supp. 2d 590, 598 (W.D. Va. 2007) (holding that domestic relations exception to the court's jurisdiction did not apply to civil rights claims brought against state officials for their handling of plaintiff's state court child support obligations); *see also United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997) (holding that the exception "has no generally recognized application as a limitation on federal question jurisdiction").

        2.        Absolute Immunity and Liability of Certain Defendants

Defendants assert two arguments in their Motion to Dismiss: (1) the claims against Defendant Alan Samber, Logan County Attorney, are barred by the doctrine of absolute immunity; and (2) the claims against certain individual Defendants are barred because Plaintiff has failed to adequately allege their personal participation in the events which allegedly caused him injuries.

As to Defendant Alan Samber, although not entirely clear from Plaintiff's Complaint,

his sole involvement appears to be as a result of his position as the Logan County Attorney and actions by his office in objecting to a motion Plaintiff filed in state court seeking to close a second case involving Plaintiff's payment of child support. Actions taken by the county attorney in seeking to enforce the state's child support laws are "intimately associated with the adjudicatory process" and, therefore, are absolutely immune from suit. *See Stepanek v. Delta County*, 940 P.2d 364, 368-69 (Colo. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) ("To adequately protect the at-risk [individual], the county attorney 'must be able to perform the necessary tasks to achieve this goal, without the worry of intimidation and harassment from dissatisfied parents' or guardians." (citation omitted)). As such, Plaintiff's claims against Defendant Samber should be dismissed.

Defendants also note that the only individual Defendant named by Plaintiff who was personally involved in the conduct giving rise to his alleged injuries is Defendant Crawford. Plaintiff attributes no personal conduct to Defendants McClavey, Etl, Meisner, and Zwirn ("Logan County Commissioners"), but merely attributes liability to them based on their positions as public officials of Logan County and their alleged failure to help him. The Court agrees that Plaintiff's Complaint against the Logan County Commissioners fails because it does not allege the personal participation of these Defendants in the alleged unlawful conduct. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). As such, the claims against the Logan County Commissioners should be dismissed due to Plaintiff's failure to state a

claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).[4]

To summarize, the Court determines that the claims against the Logan County Commissioners and Defendant Samber should be dismissed in their entirety. As such, the remainder of this Recommendation addresses the potential liability of Defendant Department and Defendant Crawford only.

       3.      Claim I – Conspiracy

Plaintiff alleges that Defendants' conduct amounts to a conspiracy to defraud Plaintiff and the Federal Government pursuant to 42 U.S.C. § 1985. Complaint at 5-6 [Docket No. 1]. As a preliminary matter, Plaintiff does not have standing to challenge an alleged injury to the Federal Government. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). As such, the Court considers this claim only as it relates to Plaintiff.

Plaintiff alleges that the collective actions of Defendants, namely their alleged interference with a child support agreement between Plaintiff and his daughter's mother, their refusal to close one of Plaintiff's child support cases,[5] their involvement in the Colorado Department of Revenue's seizure of his 2002 tax refund, and their unwillingness

---

[4] Even were the Court to find that Defendant Samber was not entitled to absolute immunity, I would recommend that Plaintiff's case against him be dismissed for Plaintiff's failure to allege specific conduct attributable to him.

[5] The allegation related to Plaintiff's two pending state court child support cases is confusing. It is unclear from any of the pleadings whether, and if so, how Defendants controlled the state court's decision to use two case numbers relating to Plaintiff's support agreements. Moreover, while there apparently are two state court cases in which Plaintiff's child support obligations have been at issue, it appears that the state court has recognized that any future modifications of those obligations should be made pursuant to one case. Motion to Dismiss at 8 & Exhibit D [Docket Nos. 18 & 21-4].

to seek child support for another child of his daughter's mother, amount to a conspiracy to deprive him of his civil rights. *Id.* at 6, ¶¶ 14-15.

In their Motion, Defendants contend that Plaintiff has failed to assert or prove the essential elements of a § 1985 claim, which are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffon v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Defendants also contend that a viable § 1985 claim must be supported by evidence of a motivation to discriminate against Plaintiff based on his membership in a qualifying class or racial group. *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979). In other words, Plaintiff must fall within a protected class to seek redress under this section.

Defendants assert that Plaintiff failed to allege facts which support a civil rights conspiracy claim. Motion to Dismiss at 5 [Docket No. 18]. Construing Plaintiff's Complaint liberally, Plaintiff appears to allege that the purpose of Defendants' conspiracy was to force Plaintiff to provide child support to the other child of his daughter's mother and to force Plaintiff to pay more in child support overall. *See* Complaint at 6, ¶¶ 14-16 [Docket No. 1]. According to Plaintiff, Defendants' acts in furtherance of that conspiracy consisted of their alleged interference with Plaintiff's child support agreement with the mother, their involvement in withholding his tax refund, and their objection to closing a second child support case relating to Plaintiff and his daughter. Plaintiff also alleges injuries regarding his relationship with his daughter and the damage to his home. *Id.* at 6, ¶ 16. While these

10

allegations might support a conspiracy claim, Plaintiff fails to satisfy the requirement of showing that he is a member of a special class against which Defendants were motivated to discriminate.

Although Plaintiff does not refer to any special class in his Complaint, in his Response to the Motion to Dismiss, Plaintiff claims to fall within "the class of fathers that have Constitutional rights to make decisions in the best interest of their child[ren]." Response at 7 [Docket No. 26].[6] In these circumstances, the law does not recognize such a group as a special class entitled to heightened protection. *See Humphrey v. Court of Common Pleas*, 640 F. Supp. 1239, 1243 (M.D. Pa. 1986) (holding that a purported class consisting of divorced fathers was not a "class identified by 'immutable characteristics' for which [its members] bear no responsibility, . . . have suffered historically pervasive discrimination," or whose injuries can be redressed by § 1985). As such, Plaintiff's allegations fail to state a claim for relief pursuant to § 1985, and Claim I should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

    4.    Claims II and III – Violation of Due Process[7]

Defendants argue that Plaintiff has failed to demonstrate that he had a protected property or liberty interest which requires application of due process prior to its

---

[6] Generally, the Court should only rely on allegations made in Plaintiff's Complaint in addressing whether he has adequately stated a claim, *Smith v. Plati*, 258 F.3d 1167, 1172 n.2 (10th Cir. 2001), but to the extent Plaintiff's Response to the Motion to Dismiss provides further guidance regarding the Complaint's meaning and is not inconsistent with the Complaint, the Court considers it.

[7] Although not clear from Plaintiff's Complaint, the Court interprets this claim as one brought pursuant to 42 U.S.C. § 1983.

11

deprivation. Motion to Dismiss at 6-9 [Docket No. 18]. As such, they contend that Plaintiff's due process claims, to the extent they arise out of the Fourteenth Amendment, must be dismissed.[8] The denial of due process can be shown if (1) the individual possessed a protected interest to which process was due and (2) the individual was denied that process. *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996).

Construing Plaintiff's Complaint liberally, it appears that Plaintiff alleges that he has a protected interest in the home he provided to his daughter and a protected right not to have the government interfere with private family matters. Plaintiff claims that Defendants denied him the use of his property and interfered with the sanctity of his family without due process. Specifically, Plaintiff claims that Defendants "knew or should have known that it was in the best interest of the child to have the security and stability of a home, and not to disrupt her home life and the availability of her pets. . . . Defendants [have] created damages both personally, with the Plaintiff's business, the child relationship with her parents, legally, and inflicted pain and suffering mentally and financially." Complaint at 7-8, ¶ 22 [Docket No. 1]. Plaintiff provides the Court further guidance as to the substance of his claim in his Response, wherein he alleges "that Defendants violated his Due Process rights by collecting child support on a case that was closed, intercepting his State

---

[8] To the extent that Plaintiff asserts a violation of his due process rights pursuant to the Fifth Amendment of the United States Constitution, Claim II is defective on its face. The Fifth Amendment right to due process applies only to conduct committed by federal actors. *See generally Germany v. Hudspeth*, 209 F.2d 15 (10th Cir. 1954); *Smith v. Kitchen*, 132 F.3d 43 (table) (10th Cir. Dec. 12, 1997) (unpublished decision). Interpreting the Complaint liberally for the purposes of the Motion to Dismiss, although Plaintiff does not mention the Fourteenth Amendment by name, the Court construes Claims II and III as based upon Fourteenth Amendment due process guarantees.

of Colorado income tax refund for past due child support payments and interfering with a court-approved agreement." Response at 10 [Docket No. 26].[9]

As a preliminary matter, the right to property and the right to make personal decisions relating to family relationships and child rearing are recognized interests protected by the Due Process Clause. *See generally Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (recognizing a liberty interest in the ownership of property); *Lawrence v. Texas*, 539 U.S. 558, 573-74 (2003) (recognizing a liberty interest in decisions relating to family relationships). However, Plaintiff's Complaint fails to specify what process he was due pursuant to those liberty interests and what specific conduct of Defendants' interfered with that process. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

With regard to his child support agreement with the mother of his daughter, Plaintiff fails to show that Defendants violated his rights. Although not entirely clear, Plaintiff contends Defendants' involvement in seeking to have the state court enter an order of child support interfered with his right to establish a reasonable child support agreement with the mother of his daughter. *See* Complaint at 7, ¶¶ 18-19 [Docket No. 1]. As discussed below, even if Defendants encouraged a court-ordered agreement, none of Defendants' alleged actions could be seen as a violation of Plaintiff's due process rights. Because the child support award was determined following a hearing and after Plaintiff was provided with an opportunity to be heard, Plaintiff was afforded all the process that

---

[9] *See supra* note 6.

was due.[10] *See generally Jones v. Flowers*, 547 U.S. 220, 223 (2006) ("[T]he Due Process Clause of the Fourteenth Amendment requires the government to provide the owner 'notice and opportunity for hearing appropriate to the nature of the case.'" (quoting *Mullane*, 339 U.S. at 313).

With regard to the tax refund that was seized by the Colorado Department of Revenue at the behest of Defendants, Plaintiff has failed to show that Defendants violated his due process rights or that he suffered any injury that can be attributed to Defendants. *See generally McClelland v. Massinga*, 786 F.2d 1205, 1211-13 (4th Cir. 1986) (holding that state was not required to hold a predeprivation hearing prior to interception of tax refund). Defendants contend that within a week, they discovered that Plaintiff's tax refund had been erroneously intercepted. Thereafter, Plaintiff received the full amount of the tax refund. Motion to Dismiss at 8-9 & Exhibit F [Docket Nos. 18 & 21-6]. Plaintiff acknowledges in his Complaint that he was compensated for his tax refund. Complaint at 19 [Docket No. 1]. Moreover, Defendants assert that they followed state law regarding their interception of the tax refund, and Plaintiff has made no allegation or argument to the contrary. Colo. Rev. Stat. § 26-13-111(2); Motion to Dismiss at 8 [Docket No. 18];

---

[10] To the extent that Plaintiff also claims that Defendants interfered with a Court-ordered agreement by informing the mother of Plaintiff's daughter that if she moved to another home, Defendants would bear the expense of the first month's rent, he fails to allege a violation of due process. The Court notes that both parties agree that at the time of this alleged incident, the mother could not afford to heat the home the mother and Plaintiff's daughter were living in. As a result, Defendants' involvement in finding an alternative living arrangement for the mother and child was reasonable. Moreover, if Defendants' actions could be viewed as interference with a state-court award of support, the proper avenue of relief would be through the court whose order was at issue. *See generally Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Complaint at 3, ¶ 10 [Docket No. 1]. In addition, Defendants promptly realized their error and refunded Plaintiff's money. Motion to Dismiss at 8-9 [Docket No. 18]. Although Plaintiff attempts to blame a whole host of injuries on this event, Plaintiff has failed to demonstrate that Defendants' conduct was the proximate cause of those alleged injuries.[11] *See Lippoldt v. Cole*, 468 F.3d 1204, 1219 (10th Cir. 2006).

To the extent that Plaintiff argues Defendants violated his due process rights by keeping two state court cases open instead of one, he has failed to set forth his arguments with sufficient clarity. It appears from the pleadings that Plaintiff's child support obligation is collected and maintained pursuant to a single case. Motion to Dismiss at Exhibit D [Docket No. 21-4]. Correspondingly, the Court cannot determine what harm Plaintiff is alleging, nor can the Court conclude that Defendants' conduct allegedly caused such harm.[12]

---

[11] For example, to the extent that Plaintiff asserts that he was damaged as a result of the mother moving out of Plaintiff's home, Plaintiff has failed to allege facts sufficient to demonstrate that Defendants' alleged conduct was a substantial factor in bringing about the harm to the home allegedly caused by the mother. *See Lippoldt*, 468 F.3d at 1219.

[12] In essence, Plaintiff is challenging the decision of the state court to collect funds by means of a case Plaintiff wished to have closed. However, pursuant to the *Rooker-Feldman* Doctrine, the Court has no authority to sit in appellate review of that decision, and such a claim should be summarily denied. *See District of Columbia Court of Appeals v. Feldman*, 402 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also Atl. Coast Line R.R. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). ("Proceedings in state court should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts . . . ."). The *Rooker-Feldman* doctrine is applicable both to claims at issue in the state court judgment and to claims that are "inextricably intertwined" with that judgment. *Kenman Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002).

Even construing Plaintiff's case in the light most favorable to him, Plaintiff has not alleged sufficient facts to support his § 1983 due process claim. *See Smith*, 258 F.3d at 1176. As such, Claims II and III should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

     5.     Claim IV – Selective Prosecution

Plaintiff alleges in his Complaint that Defendants' decision not to pursue child support from the father of his daughter's mother's second child is evidence of selective prosecution. Complaint at 8, ¶ 24 [Docket No. 1]. Defendants contend this claim cannot stand and argue that: (1) to the extent Plaintiff alleges a violation of a constitutional right, Plaintiff has failed to allege that the selective enforcement of a statute by Defendants was intentional and motivated by a discriminatory purpose; and (2) to the extent Plaintiff alleges a violation of state law, Plaintiff's claim is barred by his failure to adequately provide written notice pursuant to Colo. Rev. Stat. § 24-10-109, and because the facts do not support his allegations that Defendants violated their mandate pursuant to Colo. Rev. Stat. § 26-2-805.

Plaintiff claims the decision not to seek child support from the other father was a violation of "the civil rights of the Plaintiff and all of his fundamental rights as a father." Response at 18 [Docket No. 26].[13] The Court views this as an allegation that Defendants violated Plaintiff's right to equal protection under the Fourteenth Amendment. To state a constitutional claim regarding selective prosecution, Plaintiff must allege that the

---

[13] Again, Plaintiff's assertion that he was discriminated against as a father was not contained in his Complaint, but was enunciated in his Response to the Motion to Dismiss. Because it is not inconsistent with the Complaint, the Court considers whether such an assertion adequately states a claim for selective prosecution.

16

prosecuting official's decision was based on an "unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996) (discussing selective prosecution from the context of a criminal defendant alleging his prosecution was unconstitutional). Plaintiff must also show that the decision at issue "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 465. At most, Plaintiff claims that as a father, he was treated differently from another father, but does not argue what unconstitutional classification was used by Defendants to cause the differential treatment. As such, Plaintiff has failed to allege either an unjustifiable standard or a discriminatory effect. *See id.*

To the extent that Plaintiff's allegations can be viewed as asserting an injury caused by an alleged violation of state law, Defendants argue they are immune for such actions pursuant to Colo. Rev. Stat. § 24-10-106. Here, Plaintiff seeks to be compensated for personal harms he alleges were caused by the willful and malicious conduct of a public entity, the Logan County Department of Social Services, and its officer, Fred Crawford. This claim appears to lie in tort and, as such, Defendants Department and Crawford (in his official capacity) are immune from suit pursuant to Section 24-10-106.

Further, the claim must also fail as to Defendant Crawford in his individual capacity because Plaintiff failed to allege conduct committed by Defendant Crawford that would constitute a violation of his duties. Colo. Rev. Stat. § 26-2-805(d) gives a county the authority to require a parent in need of child support to apply for the enforcement of child support against an absent parent. However, this statute also gives the county discretion to determine whether to require the parent to apply upon a showing of "good cause to the

17

county." *Id.* If, as Plaintiff suggests, Defendants determined that the other father was not a good candidate for support given his history of domestic violence, such likely evidences good cause for the county not to require the mother to pursue an enforcement award against him. *See id.* (allowing the county to implement its own rules for what constitutes good cause). Moreover, Plaintiff was not a party to such a determination and does not have standing to challenge it.[14] *See generally Lujan*, 504 U.S. at 560-61 (holding that in order to have standing to pursue a claim, a plaintiff must have a particularized injury that is fairly traceable to the defendants and that is capable of being redressed by a favorable decision). Plaintiff bears the burden of pleading standing, and he has failed to show how Defendants' decision with respect to the mother and the other father has created an injury to him that could be remedied by a reversal of that decision. *See id.*

Even construing Plaintiff's case in the light most favorable to him, Plaintiff has not stated a claim upon which relief can be granted, and Claim IV should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

IV. Conclusion

---

[14] Defendants also contend that Plaintiff's claim is barred by the statute of limitations and notice to sue requirements of Colo. Rev. Stat. § 24-10-109. Because the Court finds that this claim is subject to dismissal for other reasons, the Court does not rely on these arguments. However, the Court notes that whether the claim is time-barred is not a suitable reason for dismissal. Plaintiff's Complaint is silent about the date of the action he is challenging; therefore, summary dismissal pursuant to the statute of limitations would not be appropriate. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). As to the notice to sue requirements of Section 24-10-109, Plaintiff did not refer to or attach the notice to sue to his Complaint that was submitted by Defendants, and the Court's consideration of it may be inappropriate on a Motion to Dismiss. *See Burhham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).

In reviewing Defendants' Motion, the Court agrees that Plaintiff has failed to state claims upon which relief may be granted, and that dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 12(b)(6).[15] No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Complaint be **dismissed with prejudice**.

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 24, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[15] Having concluded that Defendants' conduct does not amount to any constitutional violations pursuant to federal law, it is unnecessary to address the issue of qualified immunity. *See Jicarilla Apache Nation v. Rio Arriba County,* 440 F.3d 1202, 1214 (10th Cir. 2006).